Arthur **SIMPSON**, Plaintiff–Appellant,

v.

William S. **OVERTON**; Jan Epp; and Audberto Antonini, Defendants–Appellees.

No. 03–1151.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before BOGGS, Chief Judge; GIBBONS, Circuit Judge; and GWIN, District Judge.*

### ORDER

Arthur Simpson, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Petitioner Simpson is an elderly prisoner at the G. Robert Cotton Correctional Facility. He alleges that he suffers from chronic hypertension, a serious kidney disorder, and an enlarged prostate, and that he takes medication to control his blood pressure. As a result of these disorders and his medication, he urinates frequently, as often as three to four times an hour. This biological peculiarity caused him great difficulty during head count, a daily

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

ritual which Simpson alleges often takes more than an hour to complete.

Simpson alleged that he once had a medical "detail," or permit, to use the bathroom during count, but that under a new prison policy instituted by the warden, such details were no longer given. He alleged that prison regulations forbade him either to go to the bathroom during count without a detail, or to keep a urinal bottle in his cell. These policies, as enforced by the guards and acquiesced to by the medical staff, allegedly caused him great pain from the effort to retain his urine, and forced him to urinate on himself during count on several occasions.

Simpson filed a prisoner's grievance complaining of this state of affairs, which was referred to the prison's Medical Director (Respondent Antonini) as an allegation of inadequate medical care. Antonini reviewed and denied the grievance, after offering Simpson a urinal bottle and the suggestion that he use the bathroom before and after count.

Thereafter, the Regional Health Director (Respondent Epp) for the Michigan Department of Corrections ("MDOC") and the Director of the MDOC (Overton) denied Simpson's appeals from the denial of his grievance.

Seeking monetary and equitable relief, Simpson sued Overton in both his individual and official capacities, and he sued Antonini and Epp in their individual capacities. Simpson claimed that the defendants were deliberately indifferent to his serious medical needs, because they denied his grievance and his appeals from the denial of his grievances. He also filed a motion for a temporary restraining order and preliminary injunction that would permit him to use the bathroom during count. Upon review, a magistrate judge filed a report concluding that Simpson had failed to state a claim against the defendants. Hence, he recommended that the district court grant Antonini's motion to dismiss, *sua sponte* dismiss as to Overton and Epp under 42 U.S.C. § 1997e(1), and deny Simpson's request for a temporary restraining order or preliminary injunction. Over Simpson's objections, the district court adopted the magistrate judge's recommendations and dismissed the case.

Simpson has filed a timely appeal, essentially reasserting his claims. He also argues that the district court improperly denied his motion for a preliminary injunction and that it improperly denied his motion for default judgment against defendants Overton and Epp.

■ The district court properly dismissed Simpson's complaint. This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). In determining whether Simpson's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether Simpson undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

Simpson did not state an Eighth Amendment claim against the defendants. In order to state an Eighth Amendment claim, a plaintiff must allege facts indicating that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). First, there is no conceivable set of facts that could show that Antonini was deliberately indifferent to Simpson's medical needs. Simpson's grievance, and the substance of his complaint in this action, was not inadequate medical care but rather inhumane

application of prison policy. He complains in essence that the policy, or the individuals enforcing it, failed to accommodate to his medically-caused need for bathroom access or some reasonable alternative. If Antonini had the power or authority to grant an exemption to the warden's policies, then Antonini's offer of a urinal would seemingly have resolved Simpson's grievance. If, as implied by Simpson's characterization of Antonini's offer as a "sham," Antonini could not grant an exemption, then Simpson sued the wrong official. Either way, Antonini could not have been deliberately indifferent.

■ Second, Simpson's allegations concerning the other two defendants boil down to their roles in denying his administrative appeals. But the denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir.1998). Moreover, to the extent that Simpson sued defendants Epp and Overton based on their supervisory positions, he has not stated a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), unless it is shown that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Contrary to Simpson's argument, any notice of the alleged misconduct that Epp and Overton may have received is insufficient to make them personally liable. Simpson did not allege that these defendants actively participated in or authorized the alleged unconstitutional conduct. Hence, he failed to state a claim for relief against them.

The district court properly denied Simpson's motion for a preliminary injunction. This court reviews a judgment granting or denying a motion for a preliminary injunction under an abuse of discretion standard of review. *See Blue Cross & Blue Shield Mut. v. Blue Cross and Blue Shield Ass'n,* 110 F.3d 318, 322 (6th Cir. 1997). An abuse of discretion occurs if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard. *Id.* The factors to be considered by a district court in ruling on a request for a preliminary injunction are: 1) whether the movant is likely to succeed on the merits; 2) whether the movant will suffer irreparable injury in the absence of an injunction; 3) whether the injunction will cause substantial harm to others; and 4) whether the injunction would serve the public interest. *See Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir.1994); *Keweenaw Bay Indian Comm. v. Michigan,* 11 F.3d 1341, 1348 (6th Cir.1993).

The district court did not abuse its discretion in this case. Simpson has not met any of the factors set forth above. Because Simpson failed to state an Eight Amendment claim against the named defendants he has not established any likelihood that he would succeed on the merits. He has also not shown that the injunction would serve the public interest, because the rules concerning bathroom use during count are related to prison security.

■ The district court properly declined to enter default judgment against defendants Overton and Epp. Although Simpson complains that these defendants failed to answer the complaint, the record reflects that the court denied their motion to extend the time to answer Simpson's complaint as moot, and instead the court sua sponte dismissed the claims against Over-

ton and Epp. Hence, Simpson was not entitled to a default judgment.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.